

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2006

# USA v. Knight

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3686

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Knight" (2006). *2006 Decisions.* Paper 950.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/950

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3686

_____

UNITED STATES OF AMERICA

v.

CARL ANTHONY KNIGHT,
Appellant

_____

Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Criminal No. 98-cr-00003-2E)
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
May 24, 2006

Before: RENDELL, AMBRO and ROTH[1], Circuit Judges.

(Filed: June 6, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Carl Anthony Knight appeals the District Court's order denying his motion for

return of property as well as the order denying his motion for reconsideration.  The

_____

[1]Effective May 31, 2006, Judge Roth assumed senior status.

procedural history of this case and the details of Knight's claims are well-known to the parties, set forth in the District Court's opinion, and need not be discussed at length. In August 1999, Knight was sentenced to life imprisonment after his conviction for conspiracy to distribute and possess with intent to distribute cocaine base. In January 2004, Knight filed a motion for return of property pursuant to Fed. R. Crim. P. 41(g). The District Court denied the motion and the subsequent motion for reconsideration. Knight filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

Knight argues that he was entitled to notice of the administrative forfeiture of over thirty-eight thousand dollars seized during the investigation which led to his conviction. He states that the government contended at trial that the money was his. He asserts that a government witness, Victor Calderone-Rodriguez, testified that Knight gave him the money to buy cocaine. However, Knight testified at trial that he never gave Calderone-Rodriguez any money for cocaine. Supp. App. at 61. Even if Knight was entitled to notice, the error was harmless. Because the money was used to purchase cocaine, Knight could not have a property interest in the money. Moneys furnished in exchange for a controlled substance are "subject to forfeiture to the United States and no property right shall exist in them." 21 U.S.C. § 881(a)(6). We agree with the District Court that Knight has not shown that he was entitled to notice of the forfeiture.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's orders.